**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

WALLBUILDER PRESENTATIONS,

Plaintiff,

v.

RANDY CLARKE,

Defendant.

Civil Action No. 1:23-cv-03695-BAH

**DECLARATION OF CAROLINE L. WOLVERTON IN SUPPORT OF DEFENDANT'S
RULE 56(d) MOTION**

I, Caroline L. Wolverton, declare, under penalty of perjury, that the following statements are true.

1. I am a Senior Counsel at Akin Gump Strauss Hauer & Feld LLP ("Akin") and counsel for Defendant Randy Clarke, General Manager of Washington Metropolitan Area Transit Authority ("WMATA"), in this matter.

2. I make this declaration in support of Mr. Clarke's Rule 56(d) Motion for Discovery and Deferral of Consideration of Plaintiff's Motion for Summary Judgment, and it is based on my personal knowledge and information provided to me in my official capacity.

3. WMATA adopted the Guidelines Governing Commercial Advertising ("Guidelines") to further its interest in maintaining the Metro system for its dedicated use as safe and reliable public transportation. That interest includes preventing security risks, vandalism, and negative customer and employee experiences in the system.

4. A key component of the inquiry for whether Guideline 9 comports with the First Amendment is the Guideline's "consisten[cy] with the government's legitimate interest in maintaining the property for its dedicated use." *Am. Freedom Def. Initiative v. WMATA* ("*AFDI*"),

901 F.3d 356, 370 (D.C. Cir. 2018) (quoting *Initiative & Referendum Inst. v. U.S. Postal Serv.*, 685 F.3d 1066, 1073 (D.C. Cir. 2012))).

5.      WallBuilder Presentations' ("WallBuilders") summary judgment motion argues that Guideline 9 is not consistent with WMATA's interest in maintaining the Metro public transit system for its dedicated use.  ECF No. 41-1 at 26–29.

6.      Information about the ads WallBuilders would run on the WMATA system if it prevails in this action—including WallBuilders' advertising strategy, ads it has run in or submitted to other advertising venues, and instances of vandalism, violence, or other disturbances associated with such ads—relates to the consistency of Guideline 9 to WMATA's interest in maintaining the Metro system for safe and reliable public transportation.

7.      Specifically, the information about WallBuilders' ads that Defendant seeks to discover should help elucidate the types of ads that WMATA assesses could present a risk of vandalism, violence, or other disruptions on Metro subways or Metrobuses that damage property and/or cause injury to innocent users of WMATA's system and are therefore prohibited by Guideline 9.

8.      Information about other locations where WallBuilders' ads have been posted would allow WMATA to verify independently whether those ads caused any issues.

9.      At a minimum, these categories of information could support a finding of a dispute of material fact as to whether Guideline 9 is consistent with WMATA's interest underlying that Guideline.

10.      Some of WallBuilders' ads are in the record: the ads submitted to WMATA and additional ads WallBuilders designed as part of an advertising campaign.  Pl.'s Statement of Material Facts ¶¶ 28–36 (ECF No. 41-2).  Those ads depict historical pictures and quotations.  *Id.*

11.    However, WallBuilders' description of its mission suggests that the ads currently in the record are not representative of all the ads WallBuilders would submit if it prevails in this action.  WallBuilders asserts that its Christian faith "compels WallBuilders to share information about the role that religion and, specifically, Biblical values should play in current politics and public policy."  Pl.'s Statement of Material Facts ¶ 19.  That indicates that if WallBuilders prevails in this action it will seek to run ads that advocate for religion and Biblical values to play a role in politics and public policy more directly than the ads currently in the record.

12.    We believe discovery regarding such additional ads will lead to evidence that helps illustrate the consistency of Guideline 9 with WMATA's interest in maintaining the Metro system for safe and reliable public transportation.

13.    We wish to develop such evidence to use in opposing WallBuilders' Motion for Summary Judgment, as well as on any appeal in this action.

14.    WallBuilders' Complaint and summary judgment motion request a permanent injunction against WMATA's enforcement of Guideline 9 against WallBuilders.  ECF No. 1, Prayer for Relief; ECF No. 41-1 at 36.  Thus, how the requested injunction would impact the public interest is a factor the Court must consider.  *See Zukerman v. U.S. Postal Serv.*, 64 F.4th 1354, 1364 (D.C. Cir. 2023) ("A plaintiff seeking a permanent injunction … must demonstrate '(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'" (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006))).

15.    The public—whose taxpayer dollars support the Metro system—has an interest in avoiding the abatement costs associated with vandalism and restoration of Metro ad display cases and the costs associated with violence or disruptions that damage WMATA property and/or cause injury to system users.

16.    The terms and conditions of Outfront's standard Advertiser Agreement require the advertiser to indemnify WMATA against all claims and liabilities arising out of the subject advertisements.

17.    WallBuilders' ability to cover the above-described abatement costs through insurance or the Organization's own funds is thus relevant to the public interest factor of the permanent injunction balancing analysis.

18.    The above-described relevant information about additional WallBuilders advertisements and its insurance and finances is necessarily in WallBuilders' possession. Absent discovery, Mr. Clarke will not have access to it.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12th day of July 2024, in Washington, D.C.

/s/ Caroline L. Wolverton
Caroline L. Wolverton
*Counsel for Defendant Randy Clarke*