**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| WALLBUILDER PRESENTATIONS,<br><br>Plaintiff,<br><br>v.<br><br>RANDY CLARKE,<br><br>Defendant. | Civil Action No. 1:23-cv-03695-BAH |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
HIS RULE 56(d) MOTION FOR DISCOVERY AND DEFERRAL OF CONSIDERATION
OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

As set forth in the accompanying Declaration and summarized below, facts regarding (i) additional advertisements Plaintiff WallBuilder Presentations ("WallBuilders") would submit to the Washington Metropolitan Area Transit Authority's ("WMATA") public transit system if it prevails in this action and (ii) WallBuilders' insurance policies and/or financial ability to indemnify WMATA for costs resulting from vandalism, violence, or other disruption associated with WallBuilders' ads are necessary for Defendant to oppose WallBuilders' Motion for Summary Judgment, are not available to Defendant, and are discoverable. In its Motion for Summary Judgment, ECF No. 41, WallBuilders challenges the consistency of Guideline 9 of WMATA's Guidelines Governing Commercial Advertising ("Guidelines") with WMATA's interests in promoting safe and reliable public transportation. Information about additional ads WallBuilders would submit to run on the Metro system bear directly on that issue because it should help illustrate the types of ads that could present a risk of violence and other disruptions that damage property and/or cause injury to innocent users of WMATA's system and are therefore prohibited by

Guideline 9. Facts about WallBuilders' ability to indemnify WMATA for costs stemming from such violence or disruptions in response to provocative ads bear directly on WallBuilders' prayer for injunctive relief because they relate to the public interest in avoiding such costs.

Accordingly, pursuant to Federal Rule of Civil Procedure 56(d), the Court should allow Defendant time to take relevant discovery and defer consideration of WallBuilders' Motion for Summary Judgment in the interim.

## BACKGROUND

WallBuilders filed this action on December 12, 2023, to challenge Guidelines 9 and 12 under the First Amendment and to seek declaratory relief as well as an injunction barring Defendant from enforcing them. ECF No. 1. Guideline 9 provides that "Advertisements intended to influence members of the public regarding an issue on which there are varying opinions are prohibited." WMATA, Guidelines Governing Commercial Advertising, https://www.wmata.com/about/records/upload/advertising_guidelines.pdf (amended Nov. 19, 2015). Guideline 12 provides that "Advertisements that promote or oppose any religion, religious practice or belief . . . ." *Id.*

In Spring 2023, WallBuilders submitted two advertisements to WMATA's advertising contractor Outfront Media, requesting to run them on the WMATA public transit system. Pl.'s Statement of Material Facts ¶¶ 22–26, 40–41, ECF No. 41-2. WMATA denied the request based on Guideline 9. *Id.* ¶ 47. Concurrently with the Complaint, WallBuilders moved for a preliminary injunction, ECF No. 9, and on January 31, 2024, Defendant opposed that motion and moved to dismiss, ECF Nos. 22–23.

On May 21, 2024, the Court granted WallBuilders' Motion for Preliminary Injunction in part and denied it in part, and granted Defendant's Motion to Dismiss in part and denied it in part.

ECF No. 38.  The Court dismissed WallBuilders' viewpoint discrimination challenge to Guideline 9 and dismissed its entire challenge to Guideline 12.  The Court found that Guideline 9 is not capable of reasoned application and preliminarily enjoined enforcement of Guideline 9 as to WallBuilders.

On June 18, 2024, Defendant filed his Answer.  ECF No. 40.  On June 26, 2024, WallBuilders moved for summary judgment.  WallBuilders' memorandum in support asserts that "[t]he relevant facts about the circumstances of WallBuilders' ads" are undisputed.  ECF No. 41-1 at 18.  To date, however, there has been no discovery.  Defendant consequently lacks information necessary to determine whether such relevant facts are undisputed.

## ARGUMENT

"Summary judgment usually 'is premature unless all parties have had a full opportunity to conduct discovery[.]'"  *Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 530 (D.C. Cir. 2019) (quoting *Convertino v. U.S. Dep't of Just.*, 684 F.3d 93, 99 (D.C. Cir. 2012)).  When a party has not had this opportunity, Rule 56(d) provides that the Court may allow the party time to conduct discovery necessary to respond to a motion for summary judgment, and defer consideration of the motion until completion of such discovery.  Fed. R. Civ. P. 56(d).  A Rule 56(d) movant must submit an affidavit or declaration that: (1) "outline[s] the particular facts he intends to discover and describe[s] why those facts are necessary to the litigation"; (2) "explain[s] why he could not produce the facts in opposition to the motion for summary judgment"; and (3) "show[s] the information is in fact discoverable.'"  *Convertino*, 684 F.3d at 99–100 (internal quotation marks and citations omitted).

1.     Under *Minnesota Voters Alliance v. Mansky*, the validity of Guideline 9 turns on whether it is "reasonable in light of the purpose served by the forum."  585 U.S. 1, 2(2018) (quoting

*Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 806 (1985)); *accord, e.g.*, *Archdiocese v. WMATA*, 897 F.3d 314, 329 (D.C. Cir. 2018).   A key component of the reasonableness inquiry is whether the Guideline "is consistent with the government's legitimate interest in maintaining the property for its dedicated use." *Am. Freedom Def. Initiative v. WMATA* ("*AFDI*"), 901 F.3d 356, 370 (D.C. Cir. 2018) (quoting *Initiative & Referendum Inst. v. U.S. Postal Serv.*, 685 F.3d 1066, 1073 (D.C. Cir. 2012)).

WallBuilders' summary judgment motion argues that Guideline 9 is not consistent with WMATA's interests in maintaining the Metro system for its dedicated public transportation use. ECF No. 41-1 at 26–29.  The ads WallBuilders intends to run on the WMATA system are relevant to that issue.  Some of those ads are in the record: the ads submitted to WMATA and additional ads WallBuilders designed as part of an advertising campaign.  Pl.'s Statement of Material Facts ¶¶ 28–36.  Those ads depict historical pictures and quotations.  *Id.*  But WallBuilders' description of its mission suggests that the ads currently in the record are not representative of all the ads WallBuilders would submit if it prevails in this action.  WallBuilders asserts that its Christian faith "compels WallBuilders to share information about the role that religion and, specifically, Biblical values should play in current politics and public policy."  *Id.* ¶ 19.  That indicates WallBuilders will seek to run ads that advocate for religion and Biblical values to play a role in politics and public policy more directly than the ads currently in the record.

Discovery relating to such future ads—including WallBuilders' advertising strategy, ads it has run in or submitted to other advertising venues, and instances of vandalism, violence, or other disturbances associated with such ads—is necessary because WallBuilders' assertions suggest it will lead to evidence that helps illustrate the consistency of Guideline 9 with WMATA's interest in maintaining the Metro system for safe and reliable public transportation.  Specifically, the

4

information about WallBuilders' future ads that Defendant seeks to discover should help elucidate the types of ads that WMATA assesses could present a risk of vandalism, violence or other disruptions on Metro subways or Metrobuses that damage property and/or cause injury to innocent users of WMATA's system and are therefore prohibited by Guideline 9. In addition, information about other locations where WallBuilders' ads have been posted would allow WMATA to verify independently whether those ads caused any issues. These categories of information thus directly relate to the consistency of Guideline 9 with WMATA's interest in reducing such risk, and at a minimum could support a finding of a dispute of material fact as to whether Guideline 9 is consistent with WMATA's interest underlying that Guideline.

Defendant recognizes that the Court already opined that Guideline 9 is invalid under *Mansky*, but it did not find that the Guideline is inconsistent with WMATA's interest in maintaining the Metro system for its dedicated public transit use. WalBuilders' summary judgment motion now argues that Guideline 9 is not consistent with that interest. The Court's prior ruling indicated that facts in the record as of the preliminary injunction motion bear on that factor of the reasonableness inquiry and also recognized that facts relating to that inquiry would be relevant to the D.C. Circuit's reconsideration of *AFDI*'s holding that Guideline 9 is consistent with the WMATA forum's purpose. ECF No. 38 at 23 n.6. Defendant should have the opportunity to develop all facts relevant to the consistency inquiry and to develop a full factual record for any appeal.

2.      WallBuilders' Complaint and Motion for Summary Judgment request a permanent injunction against WMATA's enforcement of Guideline 9 against WallBuilders. ECF No. 1, Prayer for Relief; ECF No. 41-1 at 36. In deciding whether to issue an injunction, the Court balances the four familiar factors, one of which is that "the public interest would not be disserved by a

permanent injunction." *Zukerman v. USPS*, 64 F.4th 1354, 1364 (D.C. Cir. 2023) ("A plaintiff seeking a permanent injunction … must demonstrate '(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'" (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006))).[1]

The public—whose taxpayer dollars support the Metro system—has an interest in avoiding the abatement costs associated with removal of vandalism and restoration of Metro ad display cases and costs with violence or disruptions that damage WMATA property and/or cause injury to system users. WallBuilders' ability to indemnify WMATA for such costs through insurance or the organization's own funds—as required under the terms and conditions of Outfront's standard Advertiser Agreement—is thus relevant to the public interest factor of the permanent injunction balancing analysis.

\* \* \*

The above-described information about additional WallBuilders advertisements and its insurance and finances is necessarily in WallBuilders' possession. Thus, absent discovery, Defendant will not have access to that relevant information. Because WallBuilders has the information and it is relevant to WallBuilders' challenge to Guideline 9, it is discoverable. *See* Fed. R. Civ. P. 26(b)(1). WallBuilders should be permitted discovery regarding it, and a Rule 56(d) order is warranted.

---

[1] Following remand after the D.C. Circuit held USPS's customized postage program unconstitutional under *Mansky*, the district court denied the plaintiff's request for a permanent injunction requiring USPS to print his drawing on valid U.S. postage after USPS had terminated the program, and the D.C. Circuit affirmed the denial. *Zukerman*, 64 F.4th at 1359.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court defer consideration of Plaintiff's Motion for Summary Judgment and allow Defendant 90 days to conduct discovery about additional advertisements WallBuilders would submit to run on the Metro system if it prevails in this action and WallBuilders' insurance and finances.

Date:   July 12, 2024                              Respectfully submitted,

                                                    */s/* Caroline L. Wolverton
                                                    Anthony T. Pierce, D.C. Bar No. 415263
                                                    Caroline L. Wolverton, D.C. Bar No. 496433
                                                    AKIN GUMP STRAUSS HAUER & FELD LLP
                                                    Robert S. Strauss Tower
                                                    2001 K Street, N.W.
                                                    Washington, D.C. 20006
                                                    Telephone: (202) 887-4000
                                                    Email: apierce@akingump.com
                                                            cwolverton@akingump.com

                                                    Rex S. Heinke, D.C. Bar No. CA00080
                                                    COMPLEX APPELLATE LITIGATION GROUP LLP
                                                    811 Wilshire Blvd., 17th Floor
                                                    Los Angeles, CA 90017
                                                    Telephone: (213) 878-0404
                                                    Email: rex.heinke@calg.com

                                                    *Attorneys for Defendant*

7